IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| AURORA HOSPITALITY LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ALEXANDER DOO WOOK KIM, ) <br> ) <br> Defendants. ) <br> ) | Case No. 3AN-19-_____CI |

## COMPLAINT

COMES NOW Plaintiff AURORA HOSPITALITY LLC, by and through its attorney, John C. Pharr, of the LAW OFFICES OF JOHN C. PHARR, P.C., and for its Complaint, complains and alleges as follows:

1. Plaintiff AURORA HOSPITALITY LLC, is a limited liability company organized and existing in the State of Alaska.

2. Defendant ALEXANDER DOO WOOK KIM is a resident of the State of Alaska.

3. Hanmi Bank judicially foreclosed on property on which it held the first deed of trust, the former Barratt Inn, 4610 Spenard Rd, Anchorage, AK 99517 (Lot 14A, Block 3, Lake Spenard Park, Plat No. 88-124, Anchorage Recording District, State of Alaska). <u>Hanmi Bank, N.A. vs. LC Star Investment Co., d/b/a Quality Inn & Suites et al.</u>, 3AN-18-07864 CI,

3. On 2/21/19 Hanmi Bank, N.A. conducted a foreclosure sale.

4. Defendant appeared at the foreclosure sale with sufficient funds in hand to successfully bid on the foreclosed property, but did not bid.

LAW OFFICES OF
JOHN C. PHARR, PC
733 W. 4th Avenue
Suite 308
Anchorage, AK 99501
Ph (907) 272-2525
Fax (907) 277-9859

1

5. David Joon Lee was the successful bidder at the foreclosure sale, with a bid of $949,649.74. He also bought the judgment debtor's redemption rights for $149,500. David J. Lee subsequently assigned his rights and interest in the property to plaintiff Aurora Hospitality, LLC.

6. On March 8, 2019 Red River Lodging, Inc. and S K Hotel Investment Co., LLC assigned their lien mortgagors' rights to defendant Alexander Doo Wook Kim, who signed the assignment to himself as President of Red River Lodging, Inc. and Manager of S K Hotel Investment Co., LLC.

7. The Superior Court for the State of Alaska confirmed the sale by order dated 3/13/19 in case no. 3AN-18-07864 CI.

8. The judgment debtor can redeem within 12 months of the confirmation order (AS 09.35.260), and creditors who have a lien on the property by judgment or mortgage can redeem within 60 days from the order confirming the sale (AS 09.35.230).

9. Paragraph 2 of the Confirmation Order provides, "Purchaser or assigns is entitled to full use and possession of the Real Property and business personal property and quiet enjoyment of same with all right title and interest as purchaser at the sale until and unless the Real Property and business personal property is redeemed."

10. Paragraph 2 of the Confirmation Order provides, "Purchaser is authorized to incur expenses to maintain and preserve the Property during the redemption period, from the date of the Certificate of Sale on February 21, 2019, and thereafter, including but not necessarily limited to, expenses of insuring, maintaining utilities, repairs, upkeep, payment of taxes, and any other expense necessary to the preservation and protection of the real property. Provable expenses of the purchaser that he has receipts for will be reimbursed by any redeeming party, whether a junior lien creditor or judgment debtor, as part of the redemption price. The expenses shall be

OFFICES OF
C. PHARR, PC
4th Avenue
108
rage, AK 99501
07) 272-2525
07) 277-9859

included in the redemption amount that must be paid to redeem the property pursuant to A.S. § 09.35.260 and A.S. § 09.35.300(b), along with 8% interest from the date of the sale, as provided in A.S. § 09.35.230."

11. Defendant Alexander Kim owns Alex Hotel & Suites at 4615 Spenard Road in Anchorage, directly across Spenard Road from the former Barratt Inn.

12. In the 60 days after the 2/21/19 foreclosure sale, defendant personally monitored the efforts of David J. Lee and his family at the filthy, dilapidated, drug-and-criminal infested hotel. He could see that their efforts and expenditures were substantial.

13. On April 30, 2019, defendant's lawyers sent an email asserting that he was exercising his redemption rights as a lien creditor.

14. Defendant deliberately timed redemption to be right at the end of the 60 days. He wanted to take advantage of all the hard work and expenditures of the Lee family at the hotel without paying for that.

15. On May 7, 2019, again as President and Manager, respectively, of the same companies, defendant signed a 3/8/17 judgment lien recorded on the property to himself.

16. On the evening of Thursday, May 2, 2019, defendant entered into an agreement with plaintiff's assignor David J. Lee, and his mother Ae Kyong Lee, who also holds redemption rights as a lien creditor.

17. On May 2, 2019 defendant agreed to pay the Lees $1.2 million, including the $949,649.74 bid, 8% per annum interest, and expenses authorized under the 3/13/19 confirmation order. Defendant knew those components plus the Lees' expenditures exceeded $1.2 million. As part of the agreement the Lees were to transfer the property and relinquish their respective redemption rights.

3

18. The purpose of the agreement was for the defendant to redeem for a fair figure without a drawn-out and expensive dispute over what constituted maintenance and preservation expenses.

19. Plaintiff's attorney drew up a draft agreement that day and forwarded it to defendant's attorneys.

20. Defendant promptly repudiated the agreement and began disputing what expenses of the Lees were authorized in the confirmation order and which were not, thus defeating the purpose of the agreement. In response to a motion to enforce the agreement, defendant asserted that there was never an agreement.

21. Because of defendant's bad faith conduct, plaintiff was forced to stop work on the hotel, but nonetheless must pay for security, insurance, and other expenses, which total around $550 per day.

## Count I
### (Breach of Contract)

22. Plaintiff realleges and incorporates herein by reference its allegations in paragraphs 1 to 21 of its Complaint.

23. Defendant repudiated and breached the 5/2/19 agreement. Given the passage of time and additional expenses plaintiff has incurred, it is no longer possible for defendant to comply with the agreement should he suddenly decide to do so.

24. Plaintiff was damaged by having to pay $550 per day for each day of the delay caused by defendant's conduct, which continues to accrue and which defendant is liable for.

25. Interest on the original $949,649.74. bid continues to accrue at 8% per annum or $208 per day, and current totals $20,398.

'FICES OF
:. PHARR, PC
th Avenue
ge, AK 99501
) 272-2525
) 277-9859

26. Defendant is also liable for whatever expenses incurred by plaintiff since 2/21/19 are authorized in the 3/13/19 confirmation order. When added to the bid plus 8% interest from 2/21/19, the total exceeds $1.2 million.

27. Defendant asserted that there was no agreement, so if defendant's position is upheld, he is liable for whatever expenses plaintiff incurred, and continue to incur, even if the total exceeds $1.2 million.

### Count II
### (Unjust Enrichment)

28. Plaintiff realleges and incorporates herein by reference its allegations in paragraphs 1 to 21 of its Complaint.

29. Rather than simply bid at the foreclosure sale, defendant intentionally sought to take advantage of plaintiff's expenditures on a dilapidated property during the redemption period, without paying. This was a deliberate course of conduct, a strategy on his part.

30. If he takes over ownership of the hotel, defendant would receive a benefit from the plaintiff and it would be inequitable for the defendant to retain the benefit without compensating the plaintiff for its value.

31. Defendant will benefit from any expenses plaintiff paid on the property on and after 2/21/19, whether characterized as maintenance and preservation expenses or not.

32. Defendant is liable in quantum meruit for the all the expenses the Lees incurred, and continue to incur, including $149,500 for the judgment debtor's year-long redemption rights plus the reasonable value of Ae Kyong Lee's redemption rights.

LAW OFFICES OF
JOHN C. PHARR, PC
733 W. 4th Avenue
Suite 308
Anchorage, AK 99501
Ph (907) 272-2525
Fax (907) 277-9859

WHEREFORE, plaintiff prays as follows:

1. On Counts I and II, for damages consisting of all expenses plaintiff paid and continue to pay on the former Barratt Inn property on and after 2/21/19, including maintenance and preservation expenses and quantum meruit, and 8% interest on $949,649.74, accruing at $208 per day, in an amount to be proved at trial;

2. For an award of costs, interest, and attorney fees incurred in this action as provided by law; and

3. For such other and further relief as the court deems just and equitable.

DATED this 29 day of May, 2019.

LAW OFFICES OF JOHN C. PHARR, P.C.
Attorneys for Plaintiff

By: _____
John C. Pharr, ABA #8211140

LAW OFFICES OF
JOHN C. PHARR, PC
733 W. 4th Avenue
Suite 308
Anchorage, AK 99501
Ph (907) 272-2525
Fax (907) 277-9859